[Civ. No. 8010. Second Appellate District, Division One.—July 23, 1934.]

D. G. HENDERSON et al., Respondents, v. J. H. COCHRAN et al., Appellants.

Fred W. Morrison for Appellants.

L. D. Uhlman for Respondents.

HOUSER, J.—From the record herein, it appears that, as derived from the lessor of certain real property, defend-

ants Cochran were the assignees of certain royalties that accrued to them from the operation of an oil well, and of which royalties the said defendants thereafter assigned to the plaintiffs "five per cent of the total production", etc. In the course of the distribution of such royalties by the Richfield Consolidated Oil Company, which acted as trustee with reference thereto, the plaintiffs Henderson claimed that, in accord with the terms of said assignment made to them, they had not been properly compensated. Following a trial of the issues presented by the respective pleadings in the action, the trial court rendered judgment in favor of the plaintiffs. It is from said judgment that the instant appeal is prosecuted.

The major portion of the brief filed by appellants is devoted to a consideration of their contention that the judgment is not supported by the evidence. No one would be benefited by a recitation herein of the evidence adduced on the trial. It is sufficient to indicate that, after an examination made by this court relative to the contention of appellants in regard to the liability of the defendant Richfield Consolidated Oil Company, it manifestly appears that the point cannot be sustained. As to the purported liability of the defendants Cochran, the substance of the evidence was that they were the owners of the interest in the oil well which they assigned to the plaintiffs; but no evidence was introduced which tended to show that at any time the defendants Cochran were charged with any duty in connection with the distribution or the delivery to the plaintiffs of the five per cent, or any other quantity of the "production" from the well. Nor was any evidence adduced by which it was shown that if the plaintiffs failed to receive the full amount of "production" to which they were entitled, the defendants Cochran were, or that either of them was, in anywise responsible for any dereliction in that regard; or that any part of the "production" to which the plaintiffs were entitled was received by either of said defendants, or by anyone for his or their use. In such circumstances, in accordance with the specific point made by the appellants, it follows that "the judgment against the Cochrans is not supported by the evidence".

Appellants also suggest that, over the objection of defendants, error was committed by the trial court in its

admission of certain evidence. But since by the record herein it clearly is shown that by the admissions and the stipulations of the defendants the identical matter contained in the questioned evidence properly was received by the court for its consideration, it follows that, even conceding the existence of error in connection with the evidence to which objection was made as to its introduction, the defendants sustained no injury, and consequently are in no position to complain.

 Appellants further contend that under the provisions of the Corporate Securities Act the assignment made by defendants Cochran to the plaintiffs was void, and consequently that the plaintiffs were not entitled to a judgment in their favor. In that regard, although the issue was raised by the defendants' pleadings, appellants fail to direct attention to any pertinent and controlling evidence that was presented to the trial court in support thereof.

It is ordered that as to the appellant Richfield Consolidated Oil Company, the judgment be and it is affirmed; and that as to the appellants Cochran, the judgment be and it is reversed. Appellants Cochran to recover their costs of appeal.

Conrey, P. J., and York, J., concurred.